**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3026-18T3

ALEKSANDR LISENKOV,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,

     Respondent.

_____

Submitted January 14, 2020 – Decided February 6, 2020

Before Judges Fisher and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 165,888.

Aleksandr Lisenkov, appellant, pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Aleksandr Lisenkov appeals from a final decision of the Board of Review (Board) that found he had not filed a timely appeal challenging the determination of his claim for unemployment compensation benefits and failed to establish good cause for the untimely appeal. We affirm.

Claimant filed a claim for unemployment benefits on June 17, 2018. A Deputy from the Division of Unemployment Insurance determined that the claim was valid, established a weekly benefit of $681, and a maximum benefit of $16,344, which was based on twenty-four weeks of benefits. That initial determination was mailed to claimant on July 13, 2018.[1]

On August 9, 2018, claimant administratively appealed the Deputy's initial determination to the Appeal Tribunal. During the telephonic hearing before the Tribunal, the claims examiner questioned the claimant on the timeliness of his appeal. Claimant could not recall the date he received the initial determination. Nevertheless, claimant estimated that he filed his appeal with the Tribunal approximately ten days after receiving the Deputy's initial determination.

---

[1] Neither claimant nor the Board provided us with a copy of the initial determination, but there is no dispute that the determination was mailed on July 13, 2018.

The Tribunal accepted claimant's appeal as timely. The Tribunal then modified the initial determination by giving the same weekly benefit of $681 but increasing the maximum benefit to $17,025, effectively awarding claimant one additional week of benefits for a total of twenty-five weeks.

Claimant appealed the Tribunal's decision to the Board of Review. He argued that he actually worked thirty-five weeks in 2017, the base year for calculating his unemployment benefits. According to claimant, he was entitled to the maximum amount of benefits, which would be twenty-six weeks of benefits at $681 per week, for a total of $17,706. See N.J.S.A. 43:21-3(d)(2) (limiting benefits to "26 times his weekly benefit rate in any benefit year").

On January 29, 2019, the Board issued its final decision and dismissed claimant's appeal as untimely. The Board found that claimant had failed to file his appeal to the Tribunal within ten days of the mailing of the initial determination and he had shown no good cause for an extension. Claimant requested reconsideration, but the Board denied that request in a decision issued on February 22, 2019.

Claimant now appeals to us and argues that the Board erred in not considering his appeal on the merits and he should be allowed benefits up to the maximum amount because he worked thirty-five weeks in 2017.

A-3026-18T3

Our review of a final agency action is limited.  Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. v. N.J. Dep't of Envtl. Protec., 101 N.J. 95, 103 (1985)).  The agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable.  Ibid. (citing In re Warren, 117 N.J. 295, 296 (1989)).  We can only intervene "in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy."  Ibid.  (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)).

The time for filing an appeal from an initial decision of benefits is governed by N.J.S.A. 43:21-6(b)(1).  That statute provides that unless the claimant files an appeal, "within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed . . . such decision shall be final."  Our Supreme Court has recognized a "good cause" exception to the statutory deadline.  Rivera v. Bd. of Review, 127 N.J. 578, 590 (1992).  The Department of Labor and Workforce Development adopted a regulation to implement the good cause exception recognized in Rivera.  See N.J.A.C. 12:20-3.1(i).  That regulation states that a "late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause."  Ibid.  "Good cause exists . . . where it is shown

that: 1. [t]he delay in filing the appeal was due to circumstances beyond the control of the appellant; or 2. [t]he appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented." N.J.A.C. 12:20-3.1(i)(1) to (2).

The Board determined that claimant had shown no good cause for failing to timely appeal the initial determination to the Tribunal. In that regard, the record establishes that the initial determination was mailed on July 13, 2018. Accordingly, the maximum time for filing an appeal to the Tribunal was ten days later on July 23, 2018. The Board also determined that there was no good cause for the delay because the appeal was not filed late due to circumstances beyond claimant's control and which could not have reasonably been foreseen or prevented. Consequently, the Board dismissed claimant's appeal and reinstated the Deputy's initial determination.

We discern nothing arbitrary, capricious, or unreasonable concerning the Board's determination. The Board's finding of untimeliness is supported by evidence in the record and its determination that claimant showed no good cause for the delay in filing the appeal is also supported by evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3026-18T3